IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHN WILEY DAVIS, JR., | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | :   Civil Action 12-613-CG-M |
| | : |
| TONYA CAROLYN DAVIS THAYER, | : |
| *et al.*, | : |
| | : |
| Defendants. | : |
| | : |
| PNC BANK, N.A., | : |
| | : |
| CounterClaimant, | : |
| | : |
| vs. | : |
| | : |
| JOHN WILEY DAVIS, JR., | : |
| | : |
| CounterDefendant. | : |

REPORT AND RECOMMENDATION

The Motion to Remand filed by Plaintiff John Wiley Davis, Jr. (Doc. 15) has been referred for report and recommendation, under 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2. Federal question jurisdiction and diversity jurisdiction have been invoked in this Court, pursuant to 28 U.S.C. §§ 1331 and 1332, respectively (Doc. 1). After consideration, it is recommended that Plaintiff's motion be denied (Doc. 15).

The facts are, briefly, as follows. Davis and his former

1

wife, Defendant Tonya Carolyn Davis Thayer (hereinafter *Thayer*), owned a house in Stockton, Alabama; they were divorced on June 26, 2007 (Second Amended Complaint, ¶¶ 1-3, 14).[1]  Pursuant to a Settlement Agreement, incorporated into the Judgment of Divorce by reference,

> It [was] agreed that the Defendant [Davis] shall immediately take the possession of the marital homeplace located at 10499 McMillan Road, Stockton, Alabama 36579.  The Defendant agrees to finish remodeling the house and upon completion of the same, the house will immediately be listed for sale and sold.  Upon the sale of the homeplace, the parties agree that any equity from the sale of the house shall be split equally between the parties.  Pending the sale of the house, all debts shall be paid out of the same sources as they were during the pendency of the marriage.

(*Id.* at ¶ 16; *see also* ¶ 15).  On July 11, 2008, the house was sold to Thayer, a transaction facilitated by Defendant Southern Land Title, Inc. (hereinafter *SLT*) and financed by Defendant SunTrust Mortgage, Inc. (hereinafter *SunTrust*); a part of that transaction included Davis's execution of a warranty deed to Thayer (*id.* at ¶¶ 5, 10, 17-20).  At the time of the transfer, Plaintiff was told by Thayer and SLT that Thayer had obtained a new mortgage and that all existing mortgages would be retired;

---

[1]The Second Amended Complaint can be found at Doc. 5, pp. 265-99.

Davis would have no liability in the house (*id.* at ¶¶ 23, 27). SLT issued a check to Defendant Royal Bank of Canada[2] (hereinafter *RBC*), in the amount of $24,829.56, "to retire an existing mortgage line of credit equity loan previously established and entered into jointly" by Davis and Thayer (*id.* at ¶¶ 7, 24; *see also* ¶ 7). A check for $10,000 was issued to Davis as "compensation for the conveyance of his interest" in the house (*id.* at ¶ 25).

In January 2011, Plaintiff attempted to set up a new credit card account but learned that his credit report listed a delinquency with RBC for the mortgage loan for the marital house (*id.* at ¶¶ 28-29). Upon being questioned, RBC informed Davis that a balance remained on the mortgage (*id.* at ¶ 30). In the Second Amended Complaint, Plaintiff suggests that RBC and Thayer entered into a loan agreement concerning the property, to which he was not a party, which Thayer subsequently failed to honor (*id.* at ¶¶ 31, 45). Davis further suggests that RBC reported the loan delinquency—and associated his name with the delinquency—to credit reporting agencies, beginning in October 2010, causing him undue stress and to have bad credit (*id.* at ¶¶ 46, 48-49, 78). RBC reported a delinquency of seventy-six

---

[2]Plaintiff names RBC (USA) as the Defendant in the mast of the Complaint, but goes on to state that "RBC Bank (USA) is a subsidiary

thousand, seven hundred, fifty-one dollars ($76,751.00) (*id.* at ¶ 78).

On August 19, 2011, Plaintiff filed a Complaint with the Baldwin County Circuit Court, asserting claims for breach of contract and negligence (Doc. 2, pp. 2-14).  On October 13, 2011, RBC filed an Answer to the Complaint, raising counterclaims against Davis and cross claims against Thayer (Doc. 2, pp. 123-59).  On February 13, 2012, Plaintiff filed his First Amended Complaint, adding SunTrust as a co-Defendant to the action (Doc. 3, pp. 53-80).[3]  On March 29, 2012, PNC Bank, N.A. (hereinafter *PNC*) motioned to be substituted for RBC as its successor entity (Doc. 3, pp. 244-46); the motion was granted (Doc. 3, p. 321).  Defendants PNC (Doc. 3, pp. 467-608), SLT (Doc. 3, pp. 752-80), and SunTrust (Doc. 4, pp. 158-59, 172-79, 192-235) filed motions for summary judgment, seeking judgment on all claims against them.  While PNC's motion was denied (Doc. 4, p. 471), SLT's (Doc. 4, p. 495) and SunTrust's (Doc. 5, p. 81) motions were granted.

With leave of the Baldwin County Circuit Court (Doc. 5, p. 399), Davis, on August 24, 2012, filed a Second Amended

---

of Royal Bank of Canada ("RBC") (Complaint, ¶ 5).  Davis refers to this Defendant as RBC throughout the balance of the Complaint.
    [3]The Removing Defendant, in the Notice of Removal, acknowledged the addition of SunTrust and further stated that "Plaintiff also included additional allegations in the Amended Complaint, but did not

Complaint, asserting the following claims:  breach of contract (Contract, ¶¶ 80-107); negligence (Contract, ¶¶ 108-132); malicious prosecution (Complaint, ¶¶ 150-56); and declaratory judgment (Complaint, ¶¶ 157-63).  Plaintiff seeks compensatory and punitive damages (Complaint).

On September 24, PNC removed this action, asserting diversity and federal question jurisdiction (Doc. 1).  Plaintiff subsequently filed a Motion to Remand this action (Doc. 15).  Defendant has responded (Doc. 17) to which Davis has replied (Doc. 18).

In its removal petition, Defendant alleges that this Court has diversity jurisdiction under 28 U.S.C. § 1332 and federal question jurisdiction under 28 U.S.C. § 1331 and that this action is removable pursuant to 28 U.S.C. § 1441 (Doc. 1).  In a removal action, the party asserting jurisdiction has the burden of establishing proof of it by a preponderance of the evidence. *McNutt v. General Motors Acceptance Corp. of Indiana, Inc.*, 298 U.S. 178 (1936); *see also Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1210 (11th Cir. 2007), *cert. denied sub nom Hanna Steel Corp. v. Lowery*, 553 U.S. 1080 (2008).  In a removal action, that burden is upon the defendant.  *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92 (1921).  Removal is a statutory remedy

---

add any claims against any parties" (Doc. 1, ¶ 4).

5

that must be narrowly construed so as to limit federal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Robinson v. Quality Ins. Co.*, 633 F.Supp. 572 (S.D. Ala. 1986).

The Court notes that any civil action over which the district court would have original jurisdiction may be removed by the defendant to the district court for the district in which the action is pending. 28 U.S.C. § 1441(a). For diversity actions, the district court has jurisdiction over actions between citizens of different states so long as all plaintiffs are diverse from all defendants, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(b).

There is no apparent dispute that the parties are diverse; Plaintiff has not argued otherwise (*see* Docs. 15, 18).[4] For the record, the Court notes that Plaintiff is a resident of Alabama (Complaint, ¶ 1) while PNC is incorporated under the laws of

---

[4]The Court notes that the claims against Defendants SLT and SunTrust were dismissed with the granting of their motions for summary judgment (*see* Doc. 4, p. 495 and Doc. 5, p. 81, respectively). The Court further notes that Plaintiff, in the Second Amended Complaint, stated that "while Ms. Thayer is a party, she is not subject to a judgment in this mater by reason of her bankruptcy filing" (Doc. 5, p. 267). Defendant PNC has referenced Thayer as a nominal Defendant, whose presence can be ignored (Doc. 1, pp. 6-7). This leaves PNC as the only Defendant for purposes of this Motion.

Delaware with its principal place of business in Pennsylvania (Doc. 1, ¶ 18).

What is in dispute is whether the matter in controversy exceeds $75,000.  Davis argues that the jurisdictional requirement of $75,000 has not been proven by Defendant (Docs. 15, 18).

PNC has pointed to the following specific language in the Second Amended Complaint that states as follows:

> 78.     RBC reported delinquent payments due by Plaintiff Davis beginning in October of 2010 and showed a balance of Seventy-Six Thousand Seven Hundred Fifty One Dollars and No/Cents ($76,751.00).  **Plaintiff Davis has suffered damages in an amount of no less than Seventy-Six Thousand Seven Hundred Fifty One Dollars and No/Cents ($76,751.00), said amount being the amount of his indebtedness as claimed by RBC.**
> 79.     In short, Plaintiff Davis has debt assigned to him in excess of Seventy-Six Thousand Seven Hundred Fifty One Dollars and No/Cents ($76,751.00), has seriously diminished credit status, has been refused favorable loan opportunities and other situations affected by a growing tendency to base business decisions on one's credit score and history.  These damages to Davis would not exist but for the negligence, errors, omissions, breach of duty and misconduct on the part of Defendants, SLT, SunTrust, RBC and Thayer.
>
> \*\*\*
>
> 130.    The combined negligence of SLT, SunTrust and RBC as stated herein above

> resulted in reported credit liabilities in excess of Seventy-Six Thousand Dollars ($76,000.00) for which payment has been demanded and is expected from Plaintiff Davis.
>
> 131. The combined negligence of SLT, SunTrust and RBC as stated herein above resulted in embarrassment and humiliation of Plaintiff Davis when his reputation, reported credit worthiness, and his reported credit history were tainted by the reports of his unwillingness to pay debts of which he had no knowledge and which were supposed to be terminated.

(Second Amended Complaint) (emphasis added).

Davis argues that Defendant has ignored other parts of the most recent Complaint that demonstrate that the jurisdictional requirement of $75,000 has not been satisfied (Docs. 15, 18). Specifically, Plaintiff points to language at the beginning of the Second Amended Complaint stating that "PNC has admitted significant reductions in their claim against the Plaintiff" (Doc. 5, p. 265). Davis goes on to reference the following:

> 135. On August 13, 2012, PNC filed a Motion in Limine directed at the course of the trial in the matter scheduled for September 4, 2012.
> 136. On Page 2, under II A, PNC ends its first paragraph of its Argument stating:
>
> The outstanding balance on the Credit Line is $15,654.05.
>
> 137. The footnote attached to the above quoted sentence states:

> Said amount reflects a principal reduction of $60,000.00. On or about July 16, 2012, Commonwealth Land Title Ins. Co. delivered payment of $60,000.00 to PNC in exchange for PNC's release of its mortgage. Said payment was properly applied to the outstanding balance.

(Second Amended Complaint). Plaintiff argues that this language shows that he's only claiming $15,654.05 (Doc. 15, p. 6).

The Court finds Davis's argument unpersuasive. The specific provisions discuss what PNC did, but in no way state that Plaintiff has lowered his claim from "damages in an amount of no less than Seventy-Six Thousand Seven Hundred Fifty One Dollars and No/Cents ($76,751.00)" (Second Amended Complaint, ¶ 78). Though that may have been Davis's intent, the Court finds that these provisions (¶¶ 135-37) do not negate the clear language of paragraph seventy-eight. The Court finds that PNC has established the prerequisites of diversity jurisdiction and that this action was properly removed to this Court.

Therefore, based on the foregoing analysis, the Court finds it unnecessary to consider whether or not this Court has federal question jurisdiction in this action. It is recommended that Plaintiff's Motion to Remand (Doc. 15) be denied.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS

9

AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the clerk of court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within fourteen days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objection party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**.  Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for

a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

Done this 10th day of January, 2013.

                                        s/BERT. W. MILLING, JR.
                                      UNITED STATES MAGISTRATE JUDGE